IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN E. BRADER, SR., #297286 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. DKC-15-2802 |
| MS. DENISE GELSINGER, ACTING WARDEN | * | |
| MR. B. BUTLER, CHIEF OF SECURITY | * | |
| Defendants. | | |

\*\*\*\*\*

**MEMORANDUM**

**I.     Background**

John E. Brader, Sr. ("Brader"), a former Western Correctional Institution ("WCI") inmate,[1] filed this 42 U.S.C. § 1983 civil rights Complaint for injunctive relief on September 17, 2015. He complained that he is testifying in state court against another WCI inmate, Vincent Pannell, and is "receiving threats and being taunted." He expressed his fear that he would be subject to harm when he receives a new cell mate or goes back into general population from segregation. ECF No. 1. Brader stated that his requests to WCI administrators for a transfer to another facility "have fallen on deaf ears." He asked that either he or Pannell be transferred out of WCI. *Id*. On September 23, 2015, counsel for the Maryland Department of Public Safety and Correctional Services ("DPSCS") was ordered to file a show cause response to the Complaint to provide verified information regarding Brader's safety and housing situation. ECF No. 3.

---

[1]     According to the DPSCS Inmate Locator, Brader is currently housed at the Maryland Correctional Training Center in Hagerstown, Maryland. On December 28, 2015, the DPSCS Office of Data Processing confirmed his housing status. The Clerk shall modify the docket accordingly.

On October 21, 2015, counsel filed a Show Cause Response. ECF No. 5. The response relied on exhibits filed outside the scope of the pleading and substantively responded to Brader's allegations regarding his safety and DPSCS housing. It was treated as a motion for summary judgment and under the dictates of *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), Brader was placed on notice of the re-characterization of counsel's filing and of his entitlement to file an opposition response with materials in support thereof. ECF Nos. 6 & 7. He was granted an additional period of time to file a responsive paper. On November 12, 2015, Brader filed a response. ECF No. 8.

## II.    DEFENDANTS' SHOW CAUSE RESPONSE (MOTION FOR SUMMARY JUDGMENT)

### A.    STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Additionally, no genuine issue of material fact will be found if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

To allege a constitutional failure-to-protect claim, Brader must demonstrate the ways in which Defendants knew of and disregarded an excessive risk to his health and safety. Defendants

must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, Defendants must have knowledge both of the risk of harm and also that their conduct is inappropriate in light of that risk. *See Rich v. Bruce,* 129 F.3d 336, 339-40 (4th Cir. 1997). Moreover, Brader must allege ways in which Defendants' actions (or inactions) resulted in "serious or significant physical or emotional injury." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).

Under the law in this Circuit, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S.7, 20-24 (2008); *Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, --- U.S. ---, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

B.   ANALYSIS

According to Defendants' materials, Brader is currently on administrative segregation due to his claims that he is testifying against another inmate in a court proceeding. ECF No. 5-1 at Winters' Decl.  Defendants additionally claim that Brader is also assigned to disciplinary segregation and will remain so assigned until February 15, 2016. They note, however, that he will continue on administrative segregation while his safety claims are being investigated. Defendants claim that administrative segregation status is a special housing status where an inmate requires close supervision, segregation from the general population, or both. They stress that Brader is

housed with his cell mate and he receives recreation only with his cell mate and he does not recreate or otherwise come into contact with general population inmates. *Id*.

Based upon the Declaration of WCI Case Manager Winters, Brader has failed to show that he will succeed on the merits of his case and that he is subject to immediate and irreparable harm if emergency relief is not granted. There is no demonstration of deliberate indifference on the part of WCI staff. Brader is housed on dual segregation with a cellmate and his movement is restricted to ensure that he is not placed at risk of harm. He will remain so assigned until the investigation into his claim is concluded. Injunctive relief is not warranted and the case shall be dismissed.[2]

### III.   CONCLUSION

For the foregoing reasons, the Court will, by separate Order GRANT Defendants' court-construed motion for summary judgment and SHALL DISMISS the Complaint.

Date:  December 28, 2015            /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge

---

[2] As Brader has received the sought-after relief, his Complaint for injunctive relief has been rendered moot.